## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WICHITA HOTEL PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| K DIAMOND HOTELS, LLC and FIRST | ) | |
| AMERICAN TITLE INSURANCE  COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, Wichita Hotel Partners, LLC ("WHP"), by its attorneys, for its Complaint against Defendants, K Diamond Hotels, LLC ("KDH"), and First American Title Insurance Company ("First American"), states as follows:

### NATURE OF THE CASE

This is an action by WHP to enforce the express liquidated damages provision in an express written agreement between WHP and KDH (the "Purchase Contract") for the purchase of certain improved commercial real estate (the "Hotel Property") located in Wichita, Kansas. A copy of the Purchase Contract is attached hereto as *Exhibit A*. Pursuant to the Purchase Contract, KDH agreed to purchase the Hotel Property from WHP for the purchase price of $5,250,500, and in connection therewith, deposited earnest money of $525,000 (the "Earnest Money") with First American. Ultimately, KDH breached the Purchase Contract by repudiating its obligations thereunder, and refusing to close on the contemplated purchase of the Hotel Property. The Hotel Property was thereafter sold to a third-party, at a price well below that to which the parties had agreed in the Purchase Contract.

LP  6995128.4 \ 38936-103227

1

The terms of the Purchase Contract could not be clearer, providing that in the event of a default by KDH, WHP was entitled to retain the Earnest Money as liquidated damages. *Exhibit A*, ¶16. Notwithstanding the express terms of the Purchase Contract, KDH refuses to permit the release of the Earnest Money to WHP. This action seeks (a) judgment in favor of WHP and against KDH declaring that KDH defaulted under the Purchase Contract; (b) judgment in its favor of WHP and against KDH declaring that WHP is entitled to the Earnest Money as liquidated damages under the Purchase Contract; (c) an order directing KDH and First American to release the Earnest Money to WHP; (d) alternatively, judgment in favor of WHP and against KDH for actual damages in excess of $1,000,000 resulting from KDH's breach of Purchase Contract; and (e) recovery of its expenses, including attorneys' fees, disbursements and court costs, incurred in prosecuting this action.

## PARTIES

1.      Plaintiff, WHP, is a Minnesota limited liability company, with its sole office in Minnesota. All of WHP's members are residents of Minnesota. Moreover, with respect to those members of WHP that are limited liability companies or trusts, all of their members, trustee and beneficiaries are also residents of Minnesota. During all relevant times, WHP owned and operated the Hotel Property, a hotel located at 3800 Kellogg Avenue, Wichita Kansas 67213.

2.      Defendant KDH is a Montana limited liability company, with its principal office in Billings, Montana. On information and belief, all of KDH's members are residents of Montana. KDH is in the business of owning, operating and managing hotels in the United States.

3.      Defendant First American is a Delaware corporation with its principal place of business in California. Among other things, First American provides comprehensive title

insurance protection and professional settlement services to buyers and sellers of real property throughout the country. First American has more than a dozen offices within this judicial district, including an office at 30 N. LaSalle St., Chicago, Illinois.

4.      At all relevant times, Iftikhar Khan ("Khan") was member and/or manager of KDH with authority to act on its behalf.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because of the diversity of citizenship between the parties as WHP is deemed a resident of Minnesota, no Defendant is deemed a resident of Minnesota, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to the claim occurred within this judicial district, Defendant First American has significant business contacts within this district and regularly transacts business herein, and because the Earnest Money was deposited with First American's office at 30 N. LaSalle St., Chicago, Illinois, and remains in a bank account in Chicago, Illinois.

7.      Moreover, each of the parties acted, in part, through agents in Chicago in connection with the contemplated transaction. WHP marketed for sale the Hotel Property through CBRE, Inc.'s ("CBRE") auction services department, located at 321 North Clark Street, Chicago, Illinois, and engaged Douglas Johnson ("Johnson"), the Managing Director of CBRE's Chicago auction services office, to serve as its broker.

8.      Similarly, KDH engaged Nate Sahn ("Sahn") of CBRE as its broker for the purposes of acquiring the Hotel Property. Sahn worked from CBRE's office located at 321 North Clark Street, Chicago, Illinois.

LP 6995128.4 \ 38936-103227

## FACTS COMMON TO ALL COUNTS

### *The Formation of the Purchase Contract between WHP and KDH*

9.      In October 2015, WHP, through its broker, Johnson, organized and marketed an online auction for the Hotel Property.

10.      In response, Sahn contacted Johnson in Chicago, Illinois to submit KDH's preemptive offer, pursuant to which KDH proposed purchasing the Hotel Property without the contemplated auction.

11.      Following a period of negotiations, KDH, executed a copy of the Purchase Contract, and through its broker, Sahn, submitted its signed Purchase Contract to WHP.

12.      On October 26, 2015, Johnson advised KDH via email that WHP had accepted KDH's offer to purchase the Hotel Property, appending a copy of the fully executed Purchase Contract (*Exhibit A*).  A copy of the referenced email is set forth below and also attached hereto as *Exhibit B*.

From: Johnson, Douglas @ Chicago-Downtown
Sent: Monday, October 26, 2015 5:33 PM
To: 'khan@kdiamondhotels.com'
Cc: Sahn, Nate @ Chicago-Downtown; Belfrage, Eric @ Columbus, OH; Adamson, Tom @ Leawood; Laux, Rachel @ Chicago-Downtown; Sutton, Rebecca @ Chicago-Downtown; 'Taylor, Adriene'
Subject: Hampton Inn | Wichita, Kansas

Dear Iftikhar and Nasima,

Congratulations! Your offer to purchase the Hampton Inn, Wichita has been accepted by the seller.  The fully executed Purchase Agreement is attached for your records.

Ms. Taylor at the title company will deposit the $525,000 into an escrow account.  Your attorney should reach out to the seller's attorney to schedule a closing.

Again, congratulations! Please call me if you have any questions.

Very best regards,

Douglas Johnson | Managing Director
Auction Services
CBRE | Capital Markets
321 North Clark Street, Suite 3400 | Chicago, IL 60654
T 312 935 1484 | M 773 218 4503
douglas.johnson@cbre.com | www.cbre.com

Follow CBRE Auction Services: *Website* | *@CBREauctions* | *Join our Mailing List*

13.     Pursuant to the Purchase Contract, KDH agreed to purchase the Hotel Property from WHP for $5,250,000 (Exhibit *A* at p. 1), with $525,000 of Earnest Money to be deposited into escrow. *Id.*, at ¶ 2.

14.     On October 26, 2015, 2015, in accordance with the terms of the Purchase Contract, KDH advanced the Earnest Money, which was deposited into escrow with First American. A copy of the deposit confirmation is attached hereto as *Exhibit C*.

15.     Pursuant to the Purchase Contract, KDH agreed to close on the transaction "[o]n or before forty-five (45) calendar days after the date of Seller's execution of this Agreement." *Exhibit A* at p. 1. As such, KDH was required to close by December 10, 2015.

16.     Pursuant to the Purchase Contract:

> DEFAULT. If Seller defaults hereunder and fails' to cure such default within five (5) days after written notice of such default, or if the representations and warranties set forth in this Agreement shall not be true and correct in all material respects on the date of this Agreement, Purchaser shall, in addition to its other rights at law and in equity, have the right to (a) terminate this Agreement and receive a return of the Earnest Money, in which event each of the parties hereto shall be relieved of any further obligation to the other arising by virtue of this Agreement (except for obligations which are expressly intended to survive the termination of this Agreement), or (b) pursue specific performance of this Agreement, together with the costs of enforcing this Agreement. *If Purchaser defaults hereunder and fails to cure such default within five (5) days of written notice of such default, this Agreement shall terminate and Seller shall retain such Earnest Money as liquidated damages in full settlement of all claims against Purchaser and as Seller's sole and exclusive remedy. The parties agree that the amount of actual damages which Seller would suffer as a result of Purchaser's default would be extremely difficult to determine and have agreed, after specific negotiation, that the amount of the Earnest Money is a reasonable estimate of Seller's damages and is intended to constitute a fixed amount of liquidated damages in lieu of other remedies available to Seller and is not intended to constitute a penalty.*

*Exhibit A* at ¶ 16 (emphasis added).

### *KDH's Repudiation of the Purchase Contract*

17.     *After* the offer was accepted by WHP and *after* the Earnest Money was delivered to WHP, KDH (through Khan) emailed Johnson announcing that KDH did not intend to move forward with the Purchase Contract, cryptically musing that it had "not signed the official contract on the [Hotel Property]." A copy of the referenced email is set forth below and also attached hereto as *Exhibit D*.

---

**From:** <khan@kdiamondhotels.com>
**Date:** October 26, 2015 at 6:57:29 PM CDT
**To:** "Johnson, Douglas @ Chicago-Downtown" <Douglas.Johnson@cbre.com>
**Cc:** "Sahn, Nate @ Chicago-Downtown" <Nate.Sahn@cbre.com>, "Belfrage, Eric @ Columbus, OH" <Eric.Belfrage@cbre.com>, "Adamson, Tom @ Leawood" <Tom.Adamson@cbre.com>, "Laux, Rachel @ Chicago-Downtown" <Rachel.Laux@cbre.com>, "Sutton, Rebecca @ Chicago-Downtown" <Becca.Sutton@cbre.com>, "Taylor, Adriene" <ATaylor@firstam.com>
**Subject:** RE: Hampton Inn | Wichita, Kansas

As per my conversation with Nate Sahn, Do not transfer the money into an escrow account for we are not moving forward with the sale. We have not signed the official contract on the hotel.

Thanks
Iftikhar Khan

Best Regards,

**K DIAMOND HOTELS**
1345 Mullowney Lane | Billings, MT 59101
O 406-252-2584 EXT 409 | F 406-294-2599
website: www.kdiamondhotels.com

---

18.     In an October 27, 2015 letter sent in response to Khan's email (*Exhibit D*), WHP, through its counsel, advised KDH's counsel that: (i) the Purchase Contract was signed by KDH and is fully binding; (ii) that KDH's repudiation of the Purchase Agreement was a default under Paragraph 16 of the Purchase Agreement; and (iii) demanding that KDH honor its obligation and close on the purchase of the Hotel Property on the terms to which the parties had agreed in the Purchase Contract. A copy of the referenced October 27, 2015 letter is attached hereto as *Exhibit E*.

19.     Six days later, on November 2, 2015, KDH, through its counsel, confirmed that KDH would not close on the purchase of the Hotel Property on the terms set forth in the Purchase Contract.

20.     Accordingly, by letter dated November 3, 2015, pursuant to the express terms of the Purchase Contract, WHP demand that the Earnest Money be released to it as liquidated damages for KDH's default of the Purchase Contract. A copy of the referenced November 3, 2015 letter between counsel for the parties is attached hereto as *Exhibit F*.

21.     On November 4, 2015, in an email sent to its broker, KDH reiterated that it would not to close on the Purchase Contract, unless the price could be renegotiated and reduced substantially (to $4,200,000).  A copy of the referenced November 4, 2015 email from Khan to Sahn is set forth below and also attached hereto as *Exhibit G*.

From: <khan@kdiamondhotels.com>
Date: November 4, 2015 at 2:34:49 PM CST
To: Nate Sahn <Nate.Sahn@cbre.com>
Subject: Wichita

Nate,

I talked to Iftikhar and as I expressed to you, we are scared of this hotel. We honestly did not know that a brand new Hampton was going in right away. As hoteliers, we all know that Hampton is a monster brand and there is nothing in comparison to it. We knew this hotel would take a hit but now realize that it will take a significant hit with a brand new Hampton in its path.

We are honest people and we really do work hard. We all do. The sellers have done well for themselves for we do like their hotel. We are SCARED of it. We are SCARED to lose the hotel. We are not strong financially to be able to weather out a huge loss in revenue in a market that we are unfamiliar with as a hotel owner. 121 unit hotel as a Comfort Inn, will drop significantly and with the truly new package, it will cost 1.5 - 2 million dollars in upfront renovations. The price is putting us way above what we will be able to weather out the loss. Not to mention the down times that the hotel will have no brand on it until the renovations complete.

Please express this to the sellers. This has nothing to do with them or their business. We like their hotel but we don't want to lose the hotel in bankruptcy for taking it on.

We can buy the hotel at 4.2 million and this will give us a little cushion for the PIP and the loss in revenue. It is still a great price for them too. Or if they do not agree to this, take $25,000 of the earnest money and keep it for their attorney cost and taking their time but please return the rest. We are not in a position to afford this hotel at what we originally threw out there.

Thank you Nate.


Best Regards,

K DIAMOND HOTELS
1345 Mullowney Lane | Billings, MT 59101
O 406-252-2584 EXT 409 | F: 406-294-2599
website: www.kdiamondhotels.com

22.     In a December 9, 2015 letter, KDH's counsel advised First American that the purchase "did not go forward" and requested the return of the Earnest Money to KDH.  A copy of the referenced December 9, 2015 letter is attached hereto as *Exhibit H*.

LP 6995128.4 \ 38936-103227
7

23.     In response, WHP's counsel immediately advised First American via email that it objected to KDH's request for the Earnest Money, and demanded instead that the Earnest Money be released to WHP in light of KDH's default and pursuant to the express terms of the Purchase Contract. A copy of the referenced email sent on December 9, 2015 is attached hereto as ***Exhibit I.***

24.     KDH failed and refused to close on the sale of the Hotel Property on the terms set forth in the Purchase Contract or before December 10, 2015.

25.     As a result of KDH's defaulted on the Purchase Contract, WHP again began marketing the Hotel Property for sale through an online auction.

26.     The Hotel Property was sold on January 20, 2016 for $3,500,000.

27.     To date, KDH has refused to acknowledge WHP's right to the Earnest Money and has prevented the disbursement of the Earnest Money to WHP. First American will not release the Earnest Money to WHP without KDH's consent.

28.     Pursuant to Section 20(g) of the Purchase Contract the prevailing party is entitled to recovery of attorney's fees, expenses and costs.

## COUNT I

### (DECLARATORY JUDGMENT VERSUS ALL DEFENDANTS)

29.     WHP incorporates herein paragraphs 1 through 28 above.

30.     There is an actual controversy between KDH and WHP over whether the Purchase Contract is a valid and enforceable contract, and over the parties' respective rights to the Earnest Money.

31.     WHP fully performed its obligations under the Purchase Contract or was otherwise excused from performance by KDH's breach.

32.    KDH breached the Purchase Contract in the manner described herein.

33.    Pursuant to the terms of the Purchase Contract, WHP is entitled to the Earnest Money as liquidated damages as a remedy for KDH's breach.

WHEREFORE, Wichita Hotel Partners, LLC respectfully requests that this Court enter judgment in its favor: (a) declaring that the Purchase Contract is a valid and enforceable contract; (b) declaring that K Diamond Hotels, LLC defaulted under the Purchase Contract; (c) declaring that Wichita Hotel Partners, LLC is entitled to the Earnest Money as liquidated damages for the default under the Purchase Contract; (d) ordering First American Title Insurance Company to release the Earnest Money to Wichita Hotel Partners, LLC; (e) ordering K Diamond Hotels, LLC to direct First American Title Insurance Company to release the Earnest Money to Wichita Hotel Partners, LLC; (f) awarding Wichita Hotel Partners, LLC its expenses (including attorneys' fees, disbursements and court costs) incurred in prosecuting this action; and (g) granting further relief as this Court deems equitable and just.

## COUNT II

## (BREACH OF CONTRACT VERSUS KDH)

34.    WHP incorporates herein paragraphs 1 through 33 above.

35.    The Purchase Contract is a valid and fully enforceable contract.

36.    KDH breached the Purchase Contract in the manner described herein.

37.    WHP fully performed its obligations under the Purchase Contract or was otherwise excused from performance by KDH's breach.

38.    Pursuant to the Purchase Contract, WHP is entitled to the Earnest Money as liquidated damages for KDH's breach of the Purchase Contract.

39.    KDH has failed or refused to pay or release the Earnest to WHP.

40.     As a direct and proximate result of KDH's breach, WHP has been injured in the amount of $525,000.

WHEREFORE, Wichita Hotel Partners, LLC respectfully requests that this Court enter judgment in its favor and against K Diamond Hotels, LLC in the amount of $525,000, plus prejudgment interest, awarding Wichita Hotel Partners, LLC its expenses (including attorneys' fees, disbursements and court costs) incurred in prosecuting this action, and granting further relief as this Court deems equitable and just.

## COUNT III

### (BREACH OF CONTRACT VERSUS KDH)

41.     WHP incorporates herein paragraphs 1 through 33 above.

42.     The Purchase Contract is a valid and enforceable contract.

43.     KDH breached the Purchase Contract in the manner described herein.

44.     WHP fully performed its obligations under the Purchase Contract or was otherwise excused from performance by KDH's breach.

45.     Pleading in the alternative, in the event that the liquidated damages provision of the Purchase Contract is not enforceable, WHP is entitled to actual damages in an amount of at least $1,750,000.

WHEREFORE, Wichita Hotel Partners, LLC, respectfully request that this Court enter judgment in its favor in an amount to be proved at trial, award Wichita Hotel Partners, LLC prejudgment interest and its expenses (including attorneys' fees, disbursements and court costs) incurred in prosecuting this action, and granting further relief as this Court deems equitable and just.

LP 6995128.4 \ 38936-103227

Dated:  February 5, 2015

**WICHITA HOTEL PARTNERS, LLC**

By: */s/ George J. Spathis*
　　　　　One of Its Attorneys

George J. Spathis
Jason B. Hirsh
Christina E. Lutz
**LEVENFELD PEARLSTEIN, LLC**
Attorneys for Plaintiff
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
312.346.8380
gspathis@lplegal.com
jhirsh@lplegal.com
clutz@lplegal.com